UNITED STATES DISTRICT COURT
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DARRON L. LEGGETT,**

    **Petitioner,**

**-vs-**                                                                                            **Case No.  6:09-cv-936-Orl-35KRS**

**SECRETARY, DEPARTMENT OF**
  **CORRECTIONS, et al.,**

    **Respondents.**
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response (Doc. No. 9) to the petition for writ of habeas corpus, and Petitioner filed a reply to the response (Doc. No. 15).

Petitioner alleged four claims for relief in his habeas petition; however, in his motion for leave to amend (Doc. No. 13), he acknowledged that his petition was untimely and sought to amend claim two in order to assert a fundamental miscarriage of justice/actual innocence claim.  The Court entered an Order (Doc. No. 14) granting the motion in that Petitioner was allowed to present further argument on claim two and to address the response filed by Respondents.

*I.*     *Procedural History*

Petitioner was charged by information with two counts of burglary of a dwelling with

an assault or battery.  Prior to trial, the State entered a *nolle prosequi* as to count one.  A jury trial was then held, and Petitioner was found guilty as to count two.  On April 6, 2006, the trial court adjudicated Petitioner guilty of the crime and sentenced him, as a prison releasee reoffender, to life imprisonment.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on April 17, 2007.  Mandate was issued on May 4, 2007.

On May 22, 2008, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] and the trial court entered an order on August 6, 2008, striking two claims and allowing Petitioner to amend his claims.  Petitioner filed an amended Rule. 3.850 motion on September 10, 2008, and the trial court entered an order on October 14, 2008, denying the motion for postconviction relief.   Petitioner filed an untimely notice of appeal, as it was filed more than thirty days after the October 14, 2008, order, and the state appellate court dismissed the appeal for lack of jurisdiction.

On March 6, 2009, Petitioner filed a second Rule 3.850 motion, which was denied as successive on March 23, 2009.  The state appellate court affirmed the denial *per curiam* on May 19, 2009.  Mandate was issued on June 10, 2009.

---

[1] Although the motion was actually filed with the state trial court on July 30, 2008, under the "mailbox rule," the motion would be deemed filed on May 22, 2008, the date when the motion was signed and presumably submitted to the prison authorities for mailing.  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

## II. Petitioner's Habeas Petition is Untimely

### A. Legal Standard

Pursuant to 28 U.S.C. § 2244,

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Discussion of Petitioner's Case

In the present case, Petitioner's conviction became final under Florida law on May 4, 2007, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that

Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on July 16, 2007, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[2] Petitioner then had until July 16, 2008, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's federal habeas petition was filed on June 1, 2009.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his first Rule 3.850 motion on May 22, 2008, 311 days of the one-year limitation period had run. Those proceedings concluded on November 14, 2008, when the time expired for seeking appellate review of the order denying Petitioner's first 3.850 motion. *See* Fla. R. App. P. 9.110(b). The one-year period expired 54 days later on January 7, 2009, and the instant habeas petition was untimely.[3]

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

[3]Petitioner's second Rule 3.850 motion was filed after the one-year period had expired, and, therefore, did not toll the one year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). The Court also notes that Petitioner does not dispute that his petition is untimely, as he specifically mentions in his motion for leave to amend that he "cannot defend against the State's assertion that his petition for writ of habeas corpus

Petitioner argues that his failure to comply with the one-year period should be excused because his conviction resulted from a "miscarriage of justice" and because he is actually innocent of the crime of which he was convicted. Specifically, he states that trial counsel was ineffective by failing to interview and subpoena exculpatory witnesses.

For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by section 2244(d).  *See Scott v. Duffy*, 372 F. App'x 61, 63-64 (11th Cir. 2010) ("Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period.") (quotation omitted) (citation omitted).[4] Assuming such an exception exists, Petitioner must "produce new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id*. at 64 (quotation omitted) (citation omitted).  Petitioner has made no such showing.  He has not submitted any affidavits of witnesses or other scientific evidence establishing or tending to establish his innocence. Instead, he merely argues that trial counsel was ineffective for failing to subpoena and interview witnesses who admittedly were known to Petitioner prior to trial and whose potentially exculpatory testimony he only alludes to in general conclusory fashion.  Consequently, Petitioner cannot invoke "actual innocence" as a gateway through which to obtain consideration of his untimely petition.

---

is filed outside of the one-year time limitation period for such petitions and therefore [is] untimely." *See* Doc. No. 13.

[4]"It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Darron L. Leggett is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 30th day of November 2010.

Copies to:
sa 11/30
Counsel of Record
Darron L. Leggett

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE